UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT G. KOUSE, JR., of Old Orchard Beach, )<br>County of York and State of Maine,           )<br>                                              )<br>            PLAINTIFF                         )<br>vs.                                           )<br>                                              )<br>TRANSUNION LLC and                            )<br>EXPERIAN INFORMATION SOLUTIONS, INC.,         )<br>                                              )<br>            DEFENDANTS                        ) | CIVIL ACTION<br>Docket No. |

# COMPLAINT

NOW COMES the Plaintiff, Robert G. Kouse, Jr., (hereinafter "Plaintiff"), by and through his counsel James F. Molleur, LLC, and complains against Defendants TransUnion LLC (hereafter "TransUnion,") and Experian Information Solutions, Inc., (hereafter "Experian,") as follows:

1. Jurisdiction is proper pursuant to 15 U.S.C. § 1681, et seq.; venue is appropriate in this District pursuant to 28 U.S.C. § 1408.

## PRELIMINARY STATEMENT

2. Plaintiff is an individual residing in Old Orchard Beach, County of York and State of Maine.

3. Upon information and belief, TransUnion is an Illinois Corporation with principal offices in Chicago, Illinois.
.

4. Upon information and belief, Experian is an Ohio Corporation with principal offices in Costa Mesa, California. Defendant.

## FACTUAL ALLEGATIONS

5. In or around the spring of 2006, Plaintiff requested his credit reports from Defendants and Equifax Information Systems, Inc., ("Equifax") in order to settle his outstanding accounts to improve his credit score.

6. On or about August 7, 2006, Plaintiff contacted Key Bank and agreed to settle his outstanding Key Bank loan bearing account number 44400232236 for $2,000 as settlement for the $7,393 balance. Attached as Exhibit A is a true an accurate copy of the August 7, 2006 letter Plaintiff received from Key Bank, confirming its receipt of payment and intent to notify Plaintiff's credit reporting agencies of the settlement.

7. On or about November 13, 2006, Plaintiff settled a judgment in the South Paris District Court, Docket No. SC-03-158, by paying the full judgment plus interest to Attorney Alan J. Perry. Attached as Exhibit B is a true and accurate copy of a letter dated November 13, 2006 confirming Attorney Perry's receipt of payment.

8. Prior to December 2, 2006, Plaintiff sent copies of the documents identified as Exhibit A and Exhibit B to both Defendants.

9. On or about December 2, 2006, Plaintiff sent a letter to both Defendants, together with a second copy of Exhibit B. Attached as Exhibit C is a true and accurate copy of the body of the letter sent on December 2, 2006.

10. Plaintiff received a letter from TransUnion dated December 4, 2006, indicating that TransUnion was unable to accept the documentation sent. Attached as Exhibit D is a true and accurate copy of the letter received from Defendant TransUnion.

11. Attached to the document identified as Exhibit D, Plaintiff received an updated credit report indicating that TransUnion had changed the status of the Key Bank account to reflect a zero balance, but had not changed the status of the judgment. Attached as Exhibit E is a true and accurate copy of the relevant pages from the December 4, 2006 TransUnion credit report.

12. On or about December 11, 2006, Plaintiff received a letter from Experian indicating that it had been unable to honor Plaintiff's requests for changes because it was unable to access his report using the identification provided. Attached as Exhibit F is a true and accurate copy of the first page of the December 11, 2006 Experian notice.

13. On or about December 19, Plaintiff disputed the status of the judgment with TransUnion via telephone.

14. Plaintiff received a credit report from Equifax dated December 26, 2006, indicating that Plaintiff's Key Bank account had been updated and that the judgment had been verified. Attached as Exhibit G is a true and accurate copy of the relevant pages from the December 26, 2006 Equifax credit report.

15. Plaintiff received a letter from TransUnion dated December 29, 2006, indicating that it had completed its investigation regarding Plaintiff's accounts and that the

judgment had been verified and would continue to be reported. Attached as Exhibit H is a true and accurate copy of the December 29, 2006 letter from TransUnion.

16. Attached to Exhibit H, Plaintiff received a TransUnion credit report indicating that the Key Bank account was still being reported with a zero balance and that the reporting of the judgment had not changed.

17. On or about December 31, 2006, Plaintiff wrote letters to the South Paris District Court and Attorney Perry, requesting that the status of the judgment be changed. Upon information and belief, Plaintiff sent copies of the letters to Defendants. Attached as Exhibit I are copies of Plaintiff's letters.

18. Attorney Perry sent a letter to the District Court, dated January 2, together with a copy of the Stipulation for Docket Entry, confirming that the judgment had been satisfied. Attached as Exhibit J are true and accurate copies of those documents.

19. Plaintiff sent a letter dated January 9, 2006 (sic) to both Defendants, attaching the documents identified as Exhibit J. Attached as Exhibit K is a true and accurate copy of the letter.

20. Plaintiff received a letter from Transunion dated January 12, 2007, in which TranUnion stated that it was unable to accept the documentation concerning the judgment. Attached as Exhibit L is a true and accurate copy of the January 12, 2007 letter.

21. Plaintiff received a letter from Experian dated January 16, 2007, in which Experian indicated it still lacked sufficient identification information to respond to Plaintiff's requests.

22. Shortly after January 16, 2007, Plaintiff sent a letter to Experian, together with Plaintiff's Equifax credit report, in hopes that Experian would update its records to match the updated records of Equifax. Attached as Exhibit M is a true and accurate copy of the letter Plaintiff sent to Experian.

23. Plaintiff received a notice from Experian dated January 24, 2007, indicating that the judgment had been verified, but including the following notation "item disputed by consumer." Attached as Exhibit N is a true and accurate copy of the relevant pages from the January 24, 2007 Experian notice.

24. Plaintiff received a letter from Transunion dated January 27, 2007, indicating that it had verified the status of the judgment and that no change would be reported. Attached as Exhibit O is a true and accurate copy of the January 27, 2007 letter from TransUnion.

25. Attached to the document identified as Exhibit M, Plaintiff received a TransUnion credit report indicating that the status of the judgment still had not changed and indicating that Plaintiff owed a balance of $5,393 on the Key Bank account. Attached as Exhibit P is a true and accurate copy of the relevant pages from Plaintiff's January 27, 2007 TransUnion credit report.

26. Upon information and belief, Plaintiff placed a Telephone call to Experian to dispute its credit report notations on January 29, 2007.

27. On February 2, 2007, at 4:45pm, Plaintiff called TransUnion to dispute the status of the judgment and Key Bank account. Plaintiff spoke to a supervisor named Nancy.

Unfortunately, TransUnion's computer went down and Plaintiff remained on hold until 6:15pm when a supervisor informed Plaintiff that the key Bank change was "Plaintiff's fault," and that while TransUnion would reinvestigate, the notation was being correctly reported.

28.     Plaintiff received an Experian credit report on February 3, 2007. That reported indicated that Plaintiff remained liable for the judgment, but again noted that the item was disputed by consumer. Attached as Exhibit Q are true and accurate copies of the relevant pages from the February 3, 2007 credit report.

29.     On February 9, 2007, Plaintiff received a notice from Experian explaining that the status of the judgment had been updated to include the notation that the item had been disputed by consumer. Attached as Exhibit R is a true and accurate copy of the February 9, 2007 notice.

30.     Plaintiff received an Equifax credit report dated February 6, 2007, in which Equifax updated the judgment status to Satisfied 1/2007; Verified 1/2007. Attached as Exhibit S are true and accurate copies of the relevant pages from the February 6, 2007 Equifax credit report.

31.     Plaintiff received a letter from TransUnion dated February 12, 2007, in which TransUnion confirmed the status of the judgment, but updated the Key Bank account to reflect a zero balance. Attached as Exhibit T is a true and accurate copy of the February 12, 2007 TransUnion credit report.

## COUNT I: WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT TRANSUNION

32. Plaintiff realleges and incorporates by reference paragraphs 5-31 of this Complaint.

33. TransUnion is a "person" under The Fair Credit Reporting Act, 15 U.S.C. § 1681a(b), and is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

34. Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

35. TransUnion's actions in: 1) failing to properly indicate Plaintiff's dispute as to several notations after receiving information indicating his dispute (15 U.S.C. § 1681c(f); 2) failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report, despite Plaintiff's repeated contacts with supporting evidence of his claims (15 U.S.C. § 1681e(b); 3) repeatedly failing to perform a reasonable reinvestigations regarding the disputed accounts after receiving Plaintiff's letters and telephonic requests (15 U.S.C. § 1681i(a)(1); 4) reinserting previously deleted material without first having the creditor certify its accuracy (15 U.S.C. § 1681i(a)5B(i); 5) failing to notify Plaintiff of the reinsertion within five (5) business days (15 U.S.C. § 1681i(a)5B(ii); 6) failing to provide the additional notices regarding the reinsertion of previously deleted information, including the right to dispute such reinsertion, within five days (15 U.S.C. § 1681i(a)5B(iii); 7) and failing to follow reasonable procedures designed to prevent the reappearance of previously deleted material (15 U.S.C. § 1681i(a)5C; all constitute instances of willful noncompliance with the Fair Credit Reporting Act (15 U.S.C. § 1681n).

36. TransUnion is liable to Plaintiff for actual damages he suffered as a result of its willful noncompliance, including his pain and suffering resulting from his repeated efforts to correct his credit report, and the continued delay in his ability to obtain financing to purchase a home, and the, or damages of not less than $100 or more than $1,000, costs and reasonable attorneys fees, and such punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a).

### COUNT II: NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT TRANSUNION

37. In the alternative, Plaintiff realleges and incorporates by reference paragraphs 5-31 of this Complaint.

38. TransUnion is a "person" under The Fair Credit Reporting Act, 15 U.S.C. § 1681a(b), and is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

39. Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

40. TransUnion's actions in: 1) failing to properly indicate Plaintiff's dispute as to several notations after receiving information indicating his dispute (15 U.S.C. § 1681c(f); 2) failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report, despite Plaintiff's repeated contacts with supporting evidence of his claims (15 U.S.C. § 1681e(b); 3) repeatedly failing to perform a reasonable reinvestigations regarding the disputed accounts after receiving Plaintiff's letters and telephonic requests (15 U.S.C. § 1681i(a)(1); 4) reinserting previously deleted material without first having the creditor certify its accuracy (15 U.S.C. § 1681i(a)5B(i); 5) failing to notify Plaintiff of the reinsertion within five (5) business days (15 U.S.C. § 1681i(a)5B(ii); 6) failing to provide

the additional notices regarding the reinsertion of previously deleted information, including the right to dispute such reinsertion, within five days (15 U.S.C. § 1681i(a)5B(iii); and 7) failing to follow reasonable procedures designed to prevent the reappearance of previously deleted material (15 U.S.C. § 1681i(a)5C; all constitute instances of negligent noncompliance with the Fair Credit Reporting Act (15 U.S.C. § 1681o).

41.     TransUnion is liable to Plaintiff for actual damages he suffered as a result of its negligent noncompliance and costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1681o(a).

### COUNT III: WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT EXPERIAN

42.     Plaintiff realleges and incorporates by reference paragraphs 5-31 of this Complaint.

43.     Experian is a "person" under The Fair Credit Reporting Act, 15 U.S.C. § 1681a(b), and is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

44.     Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

45.     Experian's actions in: 1) failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report, despite Plaintiff's repeated contacts with supporting evidence of his claims (15 U.S.C. § 1681e(b); and 2) repeatedly failing to perform a reasonable reinvestigations regarding the disputed accounts after receiving Plaintiff's letters and telephonic requests (15 U.S.C. § 1681i(a)(1); constitute instances of willful noncompliance with the Fair Credit Reporting Act (15 U.S.C. § 1681n).

46. Experian is liable to Plaintiff for actual damages he suffered as a result of its willful noncompliance, including his pain and suffering resulting from his repeated efforts to correct his credit report, and the continued delay in his ability to obtain financing to purchase a home, or damages of not less than $100 or more than $1,000, costs and reasonable attorneys fees, and such punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a).

### COUNT IV: NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT EXPERIAN

47. In the alternative, Plaintiff realleges and incorporates by reference paragraphs 5-31 of this Complaint.

48. Midland is a "person" under The Fair Credit Reporting Act, 15 U.S.C. § 1681a(b).

49. Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

50. Experian's actions in: 1) failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report, despite Plaintiff's repeated contacts with supporting evidence of his claims  (15 U.S.C. § 1681e(b); and 2) repeatedly failing to perform a reasonable reinvestigations regarding the disputed accounts after receiving Plaintiff's letters and telephonic requests (15 U.S.C. § 1681i(a)(1); constitute instances of negligent noncompliance with the Fair Credit Reporting Act (15 U.S.C. § 1681o).

51. TransUnion is liable to Plaintiff for actual damages he suffered as a result of its negligent noncompliance and costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1681o(a).

## COUNT V: VIOLATIONS OF THE MAINE FAIR CREDIT REPORTING ACT BY DEFENDANT TRANSUNION:

52.     Plaintiff realleges and incorporates by reference paragraphs 5-31 of this Complaint.

53.     TransUnion is a "person" under the Maine Fair Credit Reporting Act, under 10 M.R.S.A. § 1312(10), and is a "consumer reporting agency" under 10 M.R.S.A. § 1312(4).

54.     Plaintiff is a "consumer" under 10 M.R.S.A. § 1312(2).

55.     Plaintiff directly conveyed to Defendant TransUnion notice of his dispute in regards to certain information contained in his credit report, pursuant to 10 M.R.S.A. § 1317(2).

56.     Defendant TransUnion failed to properly note on Plaintiff's credit report the presence of disputed information, as required by 10 M.R.S.A. § 1313-B(6).

57.     Defendant TransUnion failed to follow reasonable procedures designed to enable Plaintiff to correct inaccuracies in his file, as required by 10 M.R.S.A. § 1317(1).

58.     Defendant TransUnion failed to perform a prompt reinvestigation upon receiving a dispute from Plaintiff, as required by 10 M.R.S.A. § 1317(2).

59.     Upon information and belief, Defendant TransUnion failed to record its efforts to reinvestigate disputed information in Plaintiff's file, as required by 10 M.R.S.A. § 1317(3).

60. Defendant TransUnion failed to promptly expunge inaccurate information and to refrain from reporting inaccuracies in Plaintiff's subsequent credit reports, as required by 10 M.R.S.A. § 1317(4).

61. Defendant TransUnion failed in its duty to maintain reasonable procedures to ensure maximum possible accuracy on Plaintiff's credit report, and to refrain from reporting inaccurate information and information which could not be verified, as required by 10 M.R.S.A. § 1321(2).

62. Defendant TransUnion is liable to Plaintiff for the actual damages Plaintiff suffered, including his pain and suffering resulting from his repeated efforts to correct his credit report, and the continued delay in his ability to obtain financing to purchase a home, plus a sum of three times the actual damages, plus the costs of this action, together with reasonable attorney's fees for Defendant TransUnion's willful and knowing failure to comply with the Maine Fair Credit Reporting Act, pursuant to 10 M.R.S.A. § 1322.

63. In the alternative, Defendant TransUnion is liable to Plaintiff for the actual damages Plaintiff suffered, including the pain and suffering resulting from his repeated efforts to correct his credit report, and the continued delay in his ability to obtain financing to purchase a home, plus such additional damages as the Court may allow of not less than one hundred dollars ($100) for each violation, plus the costs of this action, together with reasonable attorney's fees for Defendant TransUnion's negligent failure to comply with the Maine Fair Credit Reporting Act, pursuant to 10 M.R.S.A. § 1323.

## COUNT VI: VIOLATIONS OF THE MAINE FAIR CREDIT REPORTING ACT BY DEFENDANT EXPERIAN:

64.     Plaintiff realleges and incorporates by reference paragraphs 5-31 of this Complaint.

65.     Experian is a "person" under the Maine Fair Credit Reporting Act, under 10 M.R.S.A. § 1312(10), and is a "consumer reporting agency" under 10 M.R.S.A. § 1312(4).

66.     Plaintiff is a "consumer" under 10 M.R.S.A. § 1312(2).

67.     Plaintiff directly conveyed to Defendant Experian notice of his dispute in regards to certain information contained in his credit report, pursuant to 10 M.R.S.A. § 1317(2).

68.     Defendant TransUnion failed to properly note on Plaintiff's credit report the presence of disputed information for several months, as required by 10 M.R.S.A. § 1313-B(6).

69.     Defendant Experian failed to follow reasonable procedures designed to enable Plaintiff to correct inaccuracies in his file, as required by 10 M.R.S.A. § 1317(1).

70.     Defendant Experian failed to perform a prompt reinvestigation upon receiving a dispute from Plaintiff, as required by 10 M.R.S.A. § 1317(2).

71.     Upon information and belief, Defendant Experian failed to record its efforts to reinvestigate disputed information in Plaintiff's file, as required by 10 M.R.S.A. § 1317(3).

72.     Defendant Experian failed to promptly expunge inaccurate information, as required by 10 M.R.S.A. § 1317(4).

73. Defendant Experian failed in its duty to maintain reasonable procedures to ensure maximum possible accuracy on Plaintiff's credit report, and to refrain from reporting inaccurate information and information which could not be verified, as required by 10 M.R.S.A. § 1321(2).

74. Defendant Experian is liable to Plaintiff for the actual damages Plaintiff suffered, including his pain and suffering resulting from his repeated efforts to correct his credit report, and the continued delay in his ability to obtain financing to purchase a home, plus a sum of three times the actual damages, plus the costs of this action, together with reasonable attorney's fees for Defendant Experian's willful and knowing failure to comply with the Maine Fair Credit Reporting Act, pursuant to 10 M.R.S.A. § 1322.

75. In the alternative, Defendant Experian is liable to Plaintiff for the actual damages Plaintiff suffered, including the pain and suffering resulting from his repeated efforts to correct his credit report, and the continued delay in his ability to obtain financing to purchase a home, plus such additional damages as the Court may allow of not less than one hundred dollars ($100) for each violation, plus the costs of this action, together with reasonable attorney's fees for Defendant Experian's negligent failure to comply with the Maine Fair Credit Reporting Act, pursuant to 10 M.R.S.A. § 1323.

## COUNT VII: INVASION OF PRIVACY: FALSE LIGHT BY DEFENDANT TRANSUNION

76. Plaintiff re-alleges and incorporates by reference paragraphs 5-31 of this complaint.

77. TransUnion published false statements and/or representations regarding Plaintiff's liability for a judgment and a Key Bank account by regularly issuing such notations on his credit reports after receiving evidence to indicate the reports were inaccurate.

78. The reports issued by TransUnion were published in an arena open to all potential creditors, as well as Plaintiff's potential employers and other members of the public.

79. TransUnion had knowledge of the falsity of the statements or acted in reckless disregard of whether they were true or false.

80. The false statements regarding Plaintiff's accounts would be considered highly offensive to a reasonable person.

81. Plaintiff is entitled to recover damages for TransUnion's portrayal of him in a false light.

## COUNT VIII: INVASION OF PRIVACY: FALSE LIGHT BY DEFENDANT EXPERIAN

82. Plaintiff re-alleges and incorporates by reference paragraphs 5-31 of this complaint.

83. Experian published false statements and/or representations regarding Plaintiff's liability for a judgment by regularly issuing notations on his credit reports after receiving evidence to indicate the reports were inaccurate.

84. The reports issued by Experian were published in an arena open to all potential creditors, as well as Plaintiff's potential employers and other members of the public.

85. Experian had knowledge of the falsity of the statements or acted in reckless disregard of whether they were true or false.

86. The false statements regarding Plaintiff's accounts would be considered highly offensive to a reasonable person.

87. Plaintiff is entitled to recover damages for Experian's portrayal of him in a false light.

WHEREFORE, Plaintiff prays that this Court sanction Defendants, award such actual damages, including costs, attorneys fees and punitive damages as are appropriate, and grant such further injunctive or other relief as this Court deems just and reasonable.

Dated at Saco, Maine, this 21st day March, 2007.

                JAMES F. MOLLEUR, LLC

                By: */s/ James F. Molleur*_____
                    James F. Molleur, Esq.

                By: */s/ J. Scott Logan*_____
                    J. Scott Logan, Esq.

                    Counsel for Plaintiff
                    P.O. Box 619, 209 Main St., Suite 104
                    Saco, ME  04072-0619
                    (207) 283-3777
                    jim@molleurlaw.com
                    scott@molleurlaw.com